UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) No. 15 CR 52-1 |
| v. | ) |
| | ) Judge Thomas M. Durkin |
| ALLEN C. IROEGBULEM | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

After contracting COVID-19, Defendant Allen C. Iroegbulem filed *pro se* motions for compassionate release under 18 U.S.C. § 3582. R. 121; R. 123. For the following reasons, those motions are denied.

**Background**

In March 2015, Mr. Iroegbulem was charged in a three-count indictment under the Victims of Trafficking and Violence Protection Act of 2000, 18 U.S.C. §§ 1591(a)(1), (b)(1) and (b)(2), in connection with sex trafficking three girls he knew to be underage to adult men in exchange for money he retained for himself. The Government alleged that Mr. Iroegbulem gave his minor victims a steady supply of drugs and alcohol, and that the girls were raped and injured, frequently while unconscious. Mr. Iroegbulem plead guilty in March 2016, eleven days before trial, to one of the counts in exchange for the Government moving to dismiss the others. Ultimately, he was sentenced to 240 months' imprisonment and 5 years of supervised release—well below the applicable Sentencing Guidelines range of 360 months to life

imprisonment. The BOP calculates Mr. Iroegbulem's release date as March 20, 2033. He is currently housed at USP Terre Haute.

Mr. Iroegbulem now moves for compassionate release under 18 U.S.C. § 3582, indicating that he has been infected with COVID-19, expressing concerns about possible reinfection, and contending that he is a rehabilitated man.

## Standard

Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may modify a term of imprisonment upon a motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal" and 30 days have passed without the BOP filing a motion on the defendant's behalf. In determining whether a sentence reduction under § 3582 is appropriate, courts consider: (1) the factors set forth in 18 U.S.C. § 3553(a); (2) whether "extraordinary and compelling reasons" warrant a reduction in sentence; and (3) whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the burden of establishing his entitlement to relief under this provision. *See United States v. Gold*, 2020 WL 2197839, *1 (N.D. Ill. May 6, 2020) (citing *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020)).

## Analysis

The Government concedes that Mr. Iroegbulem has exhausted his administrative remedies and that the BOP has not pursued his request for early release. But the Government contends that no extraordinary and compelling reason

2

exists to justify Mr. Iroegbulem's release, and that the Section 3553(a) factors counsel against it. The Court addresses the parties' arguments on each issue in turn.

***Extraordinary and compelling reasons and policy statements.*** In determining what constitutes an extraordinary and compelling reason to modify a person's sentence, courts consider the guidance contained in the U.S. Sentencing Guidelines Manual at U.S.S.G. § 1B1.13. The Application Notes describe extraordinary and compelling reasons as including medical conditions, age, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). The notes also include the following catch-all provision: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). *Id*. cmt. n.1(d). The Seventh Circuit recently held in *United States v. Gunn* that the Sentencing Commission's policy statement on what constitutes an extraordinary and compelling reason for compassionate release does not apply to prisoner-initiated motions. 980 F.3d 1178, 1180 (7th Cir. 2020). But the court also noted that "substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons.'" *Id*. The court continued that a "judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id*. Accordingly, the Sentencing Commission's analysis remains instructive, and guides the Court's decision here.

As noted, Mr. Iroegbulem contends that his COVID-19 diagnosis and ongoing symptoms of "a slight temperature and night sweats" justify his early release. But a review of Mr. Iroegbulem's medical records indicates that he reported that he was asymptomatic while infected with COVID-19. *See* R. 126 at 7 (December 14, 2020 clinical encounter regarding isolation discharge indicating that Mr. Iroegbulem "[r]eports being asymptomatic throughout isolation time of > 10 days without current symptoms"). And those records also indicate that he received medical attention while infected, and do not suggest that he suffers any ongoing symptoms. The fact that Mr. Iroegbulem contracted and recovered from COVID-19 cuts against granting the relief he requests. *See United States v. Gregory*, 2020 WL 3036001, at *2 (N.D. Ill. June 5, 2020) (concluding that extraordinary and compelling reasons did not exist to warrant a sentence reduction "in light of Defendant's recovery and the fact that he does not dispute that he is now asymptomatic and fever free, and does not point to any current health problems as a result of having contracted Covid-19").

Mr. Iroegbulem also claims that he would be at a greater risk for morbidity as a result of his prior infection with COVID-19 if he were to be reinfected, and expresses concerns about contracting a COVID-19 variant. But speculation about reinfection or the possibility of contracting a COVID-19 variant cannot form the basis for relief. *See United States v. Thompson*, 2020 WL 7771141, at *2-3 (N.D. Ill. Dec. 30, 2020) (defendant's professed concerned about reinfection did not justify compassionate release). And not only has the CDC never indicated that a prior infection alone makes an individual more susceptible to serious complications, but also Mr. Iroegbulem's

4

medical records do not suggest that he otherwise suffers from any medical condition that places him at an increased risk of severe illness from COVID-19.

Finally, while the Court acknowledges that USP Terre Haute has been the site of significant COVID-19 outbreaks in the past, those numbers seem to be on the decline. *See* bop.gov/coronavirus (indicating that USP Terre Haute is currently reporting 20 active inmate cases and 2 active staff cases of COVID-19) (last visited Feb. 24, 2021). There simply is no extraordinary and compelling reason to justify Mr. Iroegbulem's early release.

***Section 3553(a) factors.*** Even if there were an extraordinary and compelling reason to grant Mr. Iroegbulem the relief he requests, the Section 3553(a) factors counsel strongly against it. An analysis under 18 U.S.C. § 3553(a) considers the defendant's history and characteristics, the seriousness of his offense, the risk of recidivism he poses, the time remaining on his sentence, the quality of his release plan, and the impact of the BOP's efforts to maintain the safety of inmates. *United States v. Colon*, 2020 WL 7260804, at *4 (N.D. Ill. Dec. 10, 2020).

The crime to which Mr. Iroegbulem pled guilty in this case was heinous; Mr. Iroegbulem ruined the lives of several young girls, facilitating and engaging in extraordinarily depraved conduct toward them from which they will likely never fully recover. And while the Court appreciates that Mr. Iroegbulem may have taken certain steps to rehabilitate himself and represents that he would attempt to "restore the victims back to the level of quality of life that they once enjoyed prior to his intrusion by doing acts of kindness such as Community Service" if released, R. 123 at

5

6, the Court doubts very much that he could have such an impact on his victims, and believes that a risk of recidivism remains. Indeed, Mr. Iroegbulem is just 29 years old, and has an extensive criminal past even setting aside the crimes at issue in this case—including convictions for burglary, robbery, and theft. Further, a reduction of Mr. Iroegbulem's already-low sentence on which over 13 years remain would run contrary to the Court's concerns regarding both general and specific deterrence, in a case where deterrence is of utmost importance. In sum, while the Court commends Mr. Iroegbulem on the steps he has taken to rehabilitate himself while incarcerated, early release is simply not justifiable.[1]

## Conclusion

Mr. Iroegbulem has failed to present an "extraordinary and compelling" reason for relief in the context of COVID-19, and the Section 3553(a) factors and the fact that he has already recovered from COVID-19 counsel against his early release. Accordingly, Mr. Iroegbulem's motions for compassionate release, R. 121; R. 123, are denied.

ENTERED:

*Thomas M Durkin*

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: February 25, 2021

---

[1] The Court notes that it received and considered character letters from Mr. Iroegbulem's family members, but that ultimately those letters did not alter the Court's decision.